IRVING, P.J.,
dissenting:
¶ 21. I agree with the majority that Fenelon, at the time of this incident, was *767 an invitee and that Metroeenter had a duty to exercise reasonable care to protect her from reasonably foreseeable injury at the hands of other patrons. The majority finds, however, that the circuit court did not err in granting summary judgment in favor of Metroeenter. I disagree. Because the evidence clearly shows that genuine issues of material fact remain for trial regarding Metrocenter’s standard of care, whether Metroeenter breached its duty to Fenelon, and whether Metrocenter’s breach proximately caused Fenelon’s injuries, I dissent. I would reverse the circuit court’s judgment and remand this case for a trial on the merits.
¶ 22. As the proponent of the summary-judgment motion, Metroeenter carried the burden of persuading the circuit court that there were no genuine issues of material fact as to any element of Fenelon’s claim and that it was entitled to summary judgment as a matter of law. In my view, Metroeenter failed to carry that burden.
¶ 23. In support of its motion for summary judgment, Metroeenter presented the following documents: (1) Fenelon’s deposition; (2) Fenelon’s responses to its first set of interrogatories; (3) surveillance videos from its parking lot taken on the date of the incident; (4) Rustine Neuber-ger’s deposition; (2) Fenelon’s amended complaint; (6) Glen George’s deposition; (7) John Alexander’s deposition; and (8) Valor’s, Clarence Evans’s, and its answer and defenses to Fenelon’s amended complaint. However, Metroeenter offered no evidence, through a security expert or otherwise, of the standard of care, or that its security measures met the standard of care.
¶ 24. Despite this absence of evidence, in opposition to Metrocenter’s motion, Fenelon presented, among other things, an affidavit from her security expert, Willie Mack, espousing the appropriate standard of care and offering an expert opinion that Metrocenter’s failure to meet “minimum security standards .... significantly contributed [to] and proximately caused the assault” on Fenelon. Specifically, Mack’s affidavit stated the appropriate standard of care as requiring:
constant monitoring of security cameras with sufficient staff to do so; sufficient staff positioned at strategic locations with the capability of responding to incidents noted on the security cameras; a minimum of two roving patrol vehicles monitoring the parking lots (the number of roving vehicles [could] be more depending on the number of the people in the parking lot[) ]; also there should be a security officer stationed in the parking lot.... These standards are supported by ASIS International, formerly American Society of Industrial Security.
Additionally, Mack stated that “[h]ad adequate measures been implemented, more likely than not, this incident would not have occurred.” It is interesting that the majority admits that Mack’s affidavit creates a genuine issue of material fact as to whether Metroeenter breached the standard- of care, but finds that it is insufficient to create a genuine issue of fact with respect to proximate cause. In my opinion, his affidavit also creates a genuine issue of material fact as to whether Metroeenter’s failure to meet the standard of care for security of the premises proximately caused Fenelon’s injuries. And, as stated in Rule 56, summary judgment should never be granted unless there is no genuine issue as to any material fact.
¶ 25. The majority relies on this Court’s definition of proximate cause in Davis v. Christian Broth. Homes of Jackson, Mississippi, Inc., 957 So.2d 390, 404 (¶ 32) (Miss.Ct.App.2007). However, the majority fails to take note that we also stated in that case that the issue of proximate cause *768 is generally an issue for a jury to decide as long as the non-movant presents evidence that would allow a jury to find that the breach proximately caused the injury at issue. Here, Fenelon, in response to Me-trocenter’s motion for summary judgment, presented evidence from which a fair-minded jury could find that Metrocenter’s breach of duty proximately caused her injuries. Thus, the issue of proximate cause, on which the majority bases its affirmance, was an issue for the jury and not the circuit court at the summary-judgment stage.
¶ 26. Because Metrocenter failed to carry its burden of proof, summary judgment was inappropriate in this case. Without Metrocenter presenting evidence of the standard of care, it cannot be said, at the summary-judgment stage, that Me-trocenter did not breach the duty that it owed to Fenelon. Furthermore, without demonstrating that it met the standard of care, Metrocenter cannot contend that its security failures did not proximately cause Fenelon’s injuries. The record does not support a finding that there were no remaining genuine issues of material fact. For the reasons presentéd, I dissent. I would reverse the judgment of the circuit court and remand this case for a trial on the merits.
LEE, C.J., AND FAIR, J., JOIN THIS OPINION.